CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE VA
FILED

March 28, 2023

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

## UNITED STATE DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

CLAIRE PAYTON )
)
AND )
)
JONATHAN KATZ, )
)
      Plaintiffs )
)
v. )      Case No. 3:22-CV-42
)
LIANA ARIAS DE VELASCO GUALLART )
)
AND )
)
CHRISTOPHER TSCHAPPATT, )
)
      Defendants. )

## AMENDED ANSWER TO PLAINTIFFS' COMPLAINT

Defendants, Liana Arias De Velasco Guallart ("Ms. Arias") and Christopher Tschappatt ("Ms. Arias and Mr. Tschappatt") file this Amended Answer in response to the Plaintiffs' Complaint, stating as follows:

In response to the unnumbered introductory paragraph, Ms. Arias and Mr. Tschappatt state that no response is required. To the extent a response is required, Ms. Arias and Mr. Tschappatt understand the nature of the Complaint against them but deny all factual allegations contained in the introductory paragraph.

    1.    Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 1.

    2.    Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 2.

    3.    Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 3 as stated. The text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization,

interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

4.      Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 4 as stated. The text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

5.      Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 5. The text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

6.      Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 6. The text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

7.      In response to the allegations of Paragraph 7, Ms. Arias and Mr. Tschappatt admit that Mr. Katz inexplicably threatened Ms. Arias with legal action and completely took her statements out of context, thereafter refusing to communicate with her in a reasonable or rational fashion. Ms. Arias and Mr. Tschappatt deny the remaining allegations of Paragraph 7.

8.      Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 8 as stated. The text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

9.      Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 9 as stated. The text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks. Ms. Arias and Mr. Tschappatt admit that Mr. Katz continued to threaten Ms. Arias. Ms. Arias and Mr. Tschappatt deny the remaining allegations of Paragraph 9.

10.      In response to the allegations of Paragraph 10, Ms. Arias and Mr. Tschappatt admit that Ms. Arias informed Mr. Katz she would not renew the Plaintiffs' Lease because of their history of unacceptable behavior, including the recent threatening text messages and refusal to communicate by Mr. Katz. Ms. Arias and Mr. Tschappatt deny the remaining allegations of Paragraph 10.

11.      Ms. Arias and Mr. Tschappatt lack knowledge of the allegations in Paragraph 11 and therefore deny the same.

12.      In response to the allegations of Paragraph 12, Ms. Arias and Mr. Tschappatt admit that Dr. Payton did reach out to try to repair the relationship Mr. Katz had ruined, but Ms. Arias had already decided not to renew Plaintiffs' Lease. Ms. Arias and Mr. Tschappatt deny the remaining allegations of Paragraph 12.

13.      Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 13 as stated. The text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

14.      Ms. Arias and Mr. Tschappatt lack knowledge of the allegations in Paragraph 14 and therefore deny the same.

27288/1/11038636v1

15.     In response to the allegations of Paragraph 15, Ms. Arias and Mr. Tschappatt admit that Plaintiffs filed an administrative complaint against Defendants and that Plaintiffs withdrew the complaint. Ms. Arias and Mr. Tschappatt lack knowledge of the remaining allegations and deny the same.

16.     In response to the allegations of Paragraph 16, Ms. Arias and Mr. Tschappatt state that no response is required. To the extent a response is required, Ms. Arias and Mr. Tschappatt understands the nature of the Complaint against him but deny all factual allegations contained in Paragraph 16.

17.     In response to the allegations of Paragraph 17, Ms. Arias and Mr. Tschappatt admit that Claire Payton and Jonathan Katz rented 501 Commerce Street in Charlottesville, Virginia from Defendants from August 6, 2018 through July 31, 2020. Ms. Arias and Mr. Tschappatt lack knowledge of the remaining allegations of Paragraph 17 and therefore deny the same.

18.     In response to the allegations of Paragraph 18, Ms. Arias and Mr. Tschappatt admit that Claire Payton and Jonathan Katz rented 501 Commerce Street in Charlottesville, Virginia from Defendants from August 6, 2018 through July 31, 2020. Ms. Arias and Mr. Tschappatt lack knowledge of the remaining allegations of Paragraph 18 and therefore deny the same.

19.     In response to the allegations of Paragraph 19, Ms. Arias and Mr. Tschappatt deny that he manages the rental properties. Ms. Arias and Mr. Tschappatt admit the remaining allegations of Paragraph 19.

20.     In response to the allegations of Paragraph 20, Ms. Arias and Mr. Tschappatt deny that he manages the rental properties. Ms. Arias and Mr. Tschappatt admit the remaining allegations of Paragraph 20.

21.     Paragraph 21 state a legal conclusion to which no response is required. Ms. Arias and Mr. Tschappatt is not contesting the jurisdiction of this Court.

22.     Paragraph 22 state a legal conclusion to which no response is required. Ms. Arias and Mr. Tschappatt is not contesting the jurisdiction of this Court.

23.     Paragraph 23 state a legal conclusion to which no response is required. Ms. Arias and Mr. Tschappatt is not contesting venue.

24.     Paragraph 24 state a legal conclusion to which no response is required. Ms. Arias and Mr. Tschappatt is not contesting venue but affirmatively state the property is in the City of Charlottesville, not in Albemarle County. Albemarle County is irrelevant to the proper venue of this Court in this case.

25.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations in Paragraph 25 and therefore deny the same.

26.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations in Paragraph 26 and therefore deny the same.

27.     Ms. Arias and Mr. Tschappatt admit the allegations of Paragraph 27.

28.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations in Paragraph 28 and therefore deny the same.

29.     In response to the allegations of Paragraph 29, Ms. Arias and Mr. Tschappatt deny that Plaintiffs paid a pet fee. Ms. Arias and Mr. Tschappatt admit the remaining allegations of Paragraph 29.

30.     In response to the allegations of Paragraph 30, Ms. Arias and Mr. Tschappatt state that the Lease speaks for itself and deny any interpretation inconsistent with the plain language thereof.

31.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations in Paragraph 31 and therefore deny the same.

32.     In response to the allegations of Paragraph 32, Ms. Arias and Mr. Tschappatt state that the Lease speaks for itself and deny any interpretation inconsistent with the plain language thereof.

33.     The allegations in Paragraph 33 state a legal conclusion to which no response is required.

34.     Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 34.

35.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations in Paragraph 35 and therefore deny the same.

36.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations in Paragraph 36 and therefore deny the same.

37.      Ms. Arias and Mr. Tschappatt lack knowledge of the allegations in Paragraph 37 and therefore deny the same.

38.     In response to the allegations of Paragraph 38, Ms. Arias and Mr. Tschappatt admit that Ms. Arias did check with Plaintiffs on their plans to renew on or around March 16, 2020. Ms. Arias and Mr. Tschappatt deny the remaining allegations of Paragraph 38.

39.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations in Paragraph 39 and therefore deny the same.

40.     Ms. Arias and Mr. Tschappatt admit the allegations of Paragraph 40.

41.     Ms. Arias and Mr. Tschappatt admit the allegations of Paragraph 41. Ms. Arias and Mr. Tschappatt state that the text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages

inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

42.     Ms. Arias and Mr. Tschappatt admit the allegations of Paragraph 42. Ms. Arias and Mr. Tschappatt state that the text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

43.     In response to the allegations of Paragraph 43, Ms. Arias and Mr. Tschappatt state that it is apparent that Mr. Katz did not understand the terms of the Lease but lack knowledge of his thoughts or motivations. Ms. Arias and Mr. Tschappatt state that the text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks. Ms. Arias and Mr. Tschappatt deny the remaining allegations of Paragraph 43.

44.     Ms. Arias and Mr. Tschappatt admit the allegations of Paragraph 44. Ms. Arias and Mr. Tschappatt state that the text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

45.     In response to the allegations of Paragraph 45, it remains apparent that Mr. Katz did not understand the renewal term of the Lease. Ms. Arias and Mr. Tschappatt lack knowledge of Mr. Katz's thoughts or motivations and therefore deny the same. Ms. Arias and Mr. Tschappatt admit Ms. Arias received a text containing the quoted words. Ms. Arias and Mr. Tschappatt state

that the text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

46.     Ms. Arias and Mr. Tschappatt admit the allegations of Paragraph 46. Ms. Arias and Mr. Tschappatt state that the text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

47.     Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 47.

48.     In response to the allegations of Paragraph 48, Ms. Arias and Mr. Tschappatt admit that Ms. Arias' communications with Mr. Katz had nothing whatsoever to do with Dr. Payton's pregnancy  but rather Mr. Katz's parents, as referenced in Paragraph 48. Ms. Arias and Mr. Tschappatt state that the text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

49.     Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 49. The text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

50.     Ms. Arias and Mr. Tschappatt admit that both he and Ms. Arias were unaware of Dr. Payton's pregnancy. Ms. Arias and Mr. Tschappatt deny the remaining allegations of Paragraph 50. The text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any

characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

51.     Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 51. The text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

52.     Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 52.

53.     Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 53.

54.     Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 54. The text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

55.     Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 55. The text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

56.     Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 56. The text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

57.     Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 57. The text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization,

interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

58.     Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 58. The text messages and emails speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

59.     Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 59. The text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

60.     Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 60. The text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

61.     Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 61. The text messages speak for themselves. Ms. Arias and Mr. Tschappatt deny any characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

62.     Ms. Arias and Mr. Tschappatt admit the allegations of Paragraph 62.

63.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations of Paragraph 63 and therefore deny the same.

64.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations of Paragraph 64 and therefore deny the same.

27288/1/11038636v1

65.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations of Paragraph 65 and therefore deny the same.

66.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations of Paragraph 66 and therefore deny the same.

67.     In response to the allegations of Paragraph 67, Ms. Arias and Mr. Tschappatt admit that Ms. Arias received a communication from Dr. Payton attempting to renegotiate the decision not to renew the Lease. Ms. Arias and Mr. Tschappatt deny the remaining allegations of Paragraph 67.

68.     In response to the allegations of Paragraph 68, Ms. Arias and Mr. Tschappatt admit that Ms. Arias received a communication from Dr. Payton attempting to renegotiate the decision not to renew the Lease. Ms. Arias and Mr. Tschappatt deny the remaining allegations of Paragraph 68.

69.     In response to the allegations of Paragraph 69 Ms. Arias and Mr. Tschappatt admit that Ms. Arias received a communication from Dr. Payton attempting to renegotiate Ms. Arias and Mr. Tschappatt' decision not to renew the Lease. Ms. Arias and Mr. Tschappatt deny the remaining allegations of Paragraph 69.

70.     In response to the allegations of Paragraph 70, Ms. Arias and Mr. Tschappatt admit that Ms. Arias received a communication from Dr. Payton attempting to renegotiate the decision not to renew the Lease. Ms. Arias and Mr. Tschappatt deny the remaining allegations of Paragraph 70.

71.     Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 71. The text messages and emails speak for themselves. Ms. Arias and Mr. Tschappatt deny any

characterization, interpretation, deletion, omission or summary of the text messages inconsistent with their full meaning in the context of the parties' communications over a period of many weeks.

72.     Ms. Arias and Mr. Tschappatt admit the allegations of Paragraph 72.

73.     In response to the allegations of Paragraph 73, Ms. Arias and Mr. Tschappatt admit that no families with children have rented 501 Commerce Street or 503 Commerce Street. Ms. Arias and Mr. Tschappatt affirmatively state that these units did not become available for rent until 2015, and each unit had only two tenants, and no one with children wanted to rent those units due to the fact that there is only one actual bedroom. Ms. Arias and Mr. Tschappatt has rented other units he owns to families.

74.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations of Paragraph 74 and therefore deny the same.

75.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations of Paragraph 75 and therefore deny the same.

76.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations of Paragraph 76 and therefore deny the same.

77.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations of Paragraph 77 and therefore deny the same.

78.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations of Paragraph 78 and therefore deny the same.

79.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations of Paragraph 79 and therefore deny the same.

80.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations of Paragraph 80 and therefore deny the same.

81.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations of Paragraph 81 and therefore deny the same.

82.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations of Paragraph 82 and therefore deny the same.

83.     In response to the allegations of Paragraph 83, Ms. Arias and Mr. Tschappatt admit the plaintiffs surrendered the apartment on July 31, 2020. Ms. Arias and Mr. Tschappatt deny the remaining allegations of Paragraph 83.

84.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations of Paragraph 84 and therefore deny the same.

85.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations of Paragraph 85 and therefore deny the same.

86.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations of Paragraph 86 and therefore deny the same.

87.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations of Paragraph 87 and therefore deny the same.

88.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations of Paragraph 88 and therefore deny the same.

89.     Ms. Arias and Mr. Tschappatt lack knowledge of the allegations of Paragraph 89 and therefore deny the same.

90.     Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 90.

91.     Paragraph 91 states a legal conclusion that does not require a response. To the extent Paragraph 91 requires a response, Ms. Arias and Mr. Tschappatt admit that Virginia's Residential Landlord and Tenant Act generally requires a landlord to return a security deposit

within 45 days of the end of a lease. Ms. Arias and Mr. Tschappatt deny that the statute has any applicability to this lawsuit and deny the remaining allegations of Paragraph 91.

92.     In response to the allegations of Paragraph 92, Ms. Arias and Mr. Tschappatt lack knowledge of the plaintiffs efforts to clean the apartment. Ms. Arias and Mr. Tschappatt admit that Ms. Arias sent a text with the quoted words. Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 92.

93.     In response to the allegations of Paragraph 93, Ms. Arias and Mr. Tschappatt admit that Ms. Arias informed the plaintiffs of deductions from their security deposit. Ms. Arias and Mr. Tschappatt deny the remaining allegations of Paragraph 93.

94.     In response to the allegations of Paragraph 94, Ms. Arias and Mr. Tschappatt admit that plaintiffs failed to provide a means for Ms. Arias to return their security deposit within the 45 day window. Ms. Arias and Mr. Tschappatt deny that this allegation has any relevance to the Complaint. Ms. Arias and Mr. Tschappatt deny the remaining allegations of Paragraph 94.

95.     In response to the allegations of Paragraph 95, Ms. Arias and Mr. Tschappatt state that the court proceedings speak for themselves. Ms. Arias and Mr. Tschappatt deny that this allegation has any relevance to the Complaint. Ms. Arias and Mr. Tschappatt deny the remaining allegations of Paragraph 95.

96.     In response to the allegations of Paragraph 96, Ms. Arias and Mr. Tschappatt state that the court proceedings speak for themselves. Ms. Arias and Mr. Tschappatt deny that this allegation has any relevance to the Complaint. Ms. Arias and Mr. Tschappatt deny the remaining allegations of Paragraph 96.

97.     In response to the allegations of Paragraph 97, Ms. Arias and Mr. Tschappatt state that the court proceedings speak for themselves. Ms. Arias and Mr. Tschappatt deny that this

allegation has any relevance to the Complaint. Ms. Arias and Mr. Tschappatt deny the remaining allegations of Paragraph 97.

98.     In response to Paragraph 98, Ms. Arias and Mr. Tschappatt state that no response is required. To the extent a response is required, Ms. Arias and Mr. Tschappatt understand the nature of the Complaint against them but deny all factual allegations in Paragraph 98 and deny that they violated the plaintiffs' rights.

99.     Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 99.

100.    Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 100.

101.    In response to the allegations of Paragraph 101, Ms. Arias and Mr. Tschappatt incorporate their prior responses as if fully stated herein.

102.    Paragraph 102 (a)-(c) state a legal conclusion to which no response is required. To the extent a response is required, Ms. Arias and Mr. Tschappatt deny the allegations.

103.    Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 103.

104.    Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 104.

105.    In response to the allegations of Paragraph 105, Ms. Arias and Mr. Tschappatt incorporate their prior responses as if fully stated herein.

106.    Paragraph 106 state a legal conclusion to which no response is required. To the extent a response is required, Ms. Arias and Mr. Tschappatt deny the allegations.

107.    Paragraph 107 state a legal conclusion to which no response is required. To the extent a response is required, Ms. Arias and Mr. Tschappatt deny the allegations.

108.    Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 108.

109.    Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 109.

110.    In response to the allegations of Paragraph 110, Ms. Arias and Mr. Tschappatt incorporate their prior responses as if fully stated herein.

111.    Paragraph 111(a)-(c) state a legal conclusion to which no response is required. To the extent a response is required, Ms. Arias and Mr. Tschappatt deny the allegations.

112.    Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 112.

113.    Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 113.

114.    In response to the allegations of Paragraph 114, Ms. Arias and Mr. Tschappatt incorporate their prior responses as if fully stated herein.

115.    Paragraph 115 state a legal conclusion to which no response is required. To the extent a response is required, Ms. Arias and Mr. Tschappatt deny the allegations.

116.    Paragraph 116 state a legal conclusion to which no response is required. To the extent a response is required, Ms. Arias and Mr. Tschappatt deny the allegations.

117.    Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 117.

118.    Ms. Arias and Mr. Tschappatt deny the allegations of Paragraph 118.

119.    In response to the Request for Relief section, Ms. Arias and Mr. Tschappatt deny that Plaintiffs are entitled to the relief they seek or any relief whatsoever.

120.    All allegations not expressly admitted are denied.

## SEPARATE/AFFIRMATIVE DEFENSES

1.    Defendants did not decline to renew the Plaintiffs' lease because of their familial status – rather they declined to renew the Plaintiffs' lease because they wanted to advertise the unit for rent earlier in the year.

16

2.      Defendants did not decline to rent the unit to the Plaintiffs' because of their familial status – rather they declined to rent the unit to the Plaintiffs' because of a pattern of poor behavior by the Plaintiffs.

3.      Plaintiffs are not entitled to punitive damages because Ms. Arias and Mr. Tschappatt did not act with malice or reckless disregard of Plaintiffs' rights.

4.      Plaintiffs are not entitled to emotional distress damages.

5.      Plaintiffs' "emotional distress" arises out of circumstances beyond Ms. Arias and Mr. Tschappatt' control.

6.      Plaintiffs did not suffer any direct or consequential damages.

<div style="margin-left: 40%;">

LIANA ARIAS DE VELASCO GUALLART
and CHRISTOPHER TSCHAPPATT

            /s/ *Alicha M. Grubb*
Kevin W. Holt (VSB No. 42866)
Alicha M. Grubb (VSB No. 90761)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
Roanoke, Virginia 24011
(540) 983-9300
Fax:  (540) 983-9400
holt@gentrylocke.com
grubb@gentrylocke.com
*Counsel for the Defendants*

</div>

17

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2023, I caused a true and correct copy of the foregoing to be filed and served using the Court's CM/ECF system, with electronic notification of such filing to all counsel of record.

<div align="right">/s/ <em>Alicha M. Grubb</em></div>