# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CLAIRE PAYTON and JONATHAN KATZ,<br><br>  Plaintiffs,<br><br>  v.<br><br>LIANA ARIAS DE VELASCO GUALLART and CHRISTOPHER TSCHAPPATT,<br><br>  Defendants. | Case No. 3:22-cv-00042-NKM<br>Judge Norman K. Moon |

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), the parties to the above-styled action ("the Action"), through their respective counsel, agree to the terms and conditions of this Stipulated Protective Order. This Order shall govern the production and handling of documents, items, or other information exchanged by the parties or non-parties in the Action (including, without limitation, responses to interrogatories, requests for admissions, pleadings, exhibits, and depositions or other testimony), regardless of the medium or manner in which any such materials are generated, stored, or maintained. This includes any material produced, filed, or served by any party or nonparty during discovery in this Action or any information included in any such material. The Court, finding that good cause exists for entry of a protective order in the Action to prevent unauthorized disclosure of confidential information during and after the course of the litigation, hereby orders as follows:

1. <u>Materials Covered.</u>  Any party or other person, including non-party recipients of discovery requests/subpoenas, may designate all or any part of a document, discovery response,

deposition, or other material which that party or person produces, serves, or provides in connection with this Action as "Confidential Material" or "Highly Confidential Material," as described below.

2.   "Confidential Material" shall mean material that the party or non-party producing the material or designating material as "Confidential" or "Highly Confidential" (the "Designating Party") believes in good faith deserves protection under Fed. R. Civ. P. 26(c). This includes, without limitation, confidential non-public research or analysis, development, personal or commercial information used or obtained by a party in their business that is not generally known and would not normally be disclosed to third parties or, if disclosed, would require third parties to maintain it in confidence, financial information of the parties, financial records of the parties, current or former employee information, including but not limited to personnel files and personally identifiable information, any databases containing such proprietary information, any portions of deposition where Confidential Material is disclosed or used as exhibits, and any other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

3.   "Highly Confidential Material" shall mean any Confidential Material that a party or non-party believes in good faith would, if disclosed to another party or non-party, create a substantial risk of significant competitive or commercial disadvantage.  Highly Confidential Material may include (but is not limited to): trade secrets; highly sensitive and non-public research or analysis; patient/customer information; financial, marketing, or strategic business planning information; past, current or any future pricing information; information relating to research, development, testing of, or plans for, a party's existing or proposed future products; information relating to the processes, apparatus, or analytical techniques used by a party or non-party in its present or proposed commercial production of such products; information relating to pending or

abandoned patent applications that have not been made available to the public; or communications regarding any Highly Confidential Material.

4.  Any document produced by a party or non-party in this litigation may be designated as Confidential Material by marking it "CONFIDENTIAL" on the face of the document and on each page so designated CONFIDENTIAL at or prior to the time of production. Any document produced by a party or non-party in this litigation may be designated as Highly Confidential Material by marking it "HIGHLY CONFIDENTIAL" on the face of the document and on each page so designated HIGHLY CONFIDENTIAL at or prior to the time of production. A party or non-party may designate natively produced electronic documents and other non-imaged media as "Confidential Material" or "Highly Confidential Material," as appropriate, by noting such designation in an accompanying cover letter and including the appropriate confidentiality designation in the load file provided with the electronic production.

5.  Testimony provided in this litigation may be designated as Confidential Material or as Highly Confidential Material by any party or non-party if the testimony concerns or relates to the party's or non-party's Confidential Material or Highly Confidential Material, subject to Paragraphs 11 and 16. The person desiring to designate any portion of testimony as Confidential Material or Highly Confidential Material shall do so by so stating orally on the record on the day that the testimony is being given, either personally or through counsel. If any party makes such an oral designation, the confidential or highly confidential portions of the deposition shall be taken only in the presence of persons entitled to access to such information under this Order. Additionally, any party or non-party may designate any or all portions of the transcript and/or video of any deposition (or of any other testimony) as containing Confidential Material or Highly Confidential Material in accordance with this Order by notifying all other parties in writing, within 30 days of

27288/1/11166514v1

receipt of the transcript and/or video that it contains Confidential Material or Highly Confidential Material and designating the specific pages and/or line as containing Confidential or Highly Confidential Material. All transcripts and/or videos shall be treated as Highly Confidential Material and subject to this Protective Order until a time 30 days after a final, official (non-draft) transcript or video of the deposition (or other testimony) are received. Any inadvertent failure to designate transcripts and/or videos within the 30 day time period may be addressed under Section 10 of this Protective Order. Any video recording containing Confidential or Highly Confidential testimony shall be so designated in accordance with the provisions of this Protective Order.

6. <u>Use of Materials and Declaration</u>. All materials produced in discovery, including, but not limited to, those which are designated Confidential and Highly Confidential, shall be used solely in furtherance of the prosecution, defense, or attempted settlement of this Action, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Order. All materials designated Confidential or Highly Confidential must be stored and maintained by the party receiving the material (the "Receiving Party") in a manner no less secure than a Receiving Party would store and maintain its own confidential material or that of its clients. Upon conclusion of this Action, a Receiving Party must comply with the provisions of Paragraph 7 below regarding return or destruction of Confidential Material.

7. Each person to whom Confidential or Highly Confidential Material is disclosed, except the persons identified in Paragraphs 3 and 4 below, shall execute a Declaration in the form

annexed hereto as Exhibit A, and shall agree to be bound by this Order, before receiving Confidential or Highly Confidential material.

8.  Notwithstanding any contrary provision in this Order, a party is permitted to disclose Confidential and Highly Confidential material to the extent required by a valid subpoena or other valid legal process, provided that the procedures in this paragraph are followed. The party which has received a valid subpoena or other valid legal process (the "Subpoenaed Party") must provide the Designating Party with written notice of such subpoena or other legal process, via electronic mail/PDF, or hand delivery, within three (3) business days of receiving the subpoena or a lesser period if ordered by the Court ("the Response Period"), in order to afford the Designating Party an opportunity to object. The Subpoenaed Party shall also inform the persons seeking discovery in writing (with copy to the Designating Party) that providing the information may be a violation of this Protective Order. After receipt of the notices specified by this paragraph, the Designating Party seeking to maintain the confidentiality of any information shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the information that has been subpoenaed or requested. If the Designating Party does not move for a protective order within fourteen days (or within such times as a court may direct or as may be agreed upon with the subpoenaing/requesting party) and give written notice of such motion to the Subpoenaed Party, the Subpoenaed Party may commence production in response to the subpoena or request. The Subpoenaed Party will not produce any of the Confidential or Highly Confidential material while a motion for a protective order brought by the Designating Party pursuant to this paragraph is pending, or while an appeal from or request for appellate review of such motion is pending unless a court orders production of material that is subject to this Order. In such case, production of such materials pursuant to that Court Order shall not be deemed a violation of this Order. At no

time shall the Subpoenaed Party take a position concerning the propriety of a subpoena or other legal process as it relates to a Designating Party's Confidential or Highly Confidential material. Finally, nothing herein shall be construed as requiring the Subpoenaed Party to subject itself to any penalties for non-compliance with any subpoena, access request, or legal process or to seek any relief from the Court.

9. <u>Disclosure of "Confidential" Materials.</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, disclosure of "Confidential" materials may be made only to the Court, its secretaries, clerks, law clerks and other support staff in the manner set forth herein; attorneys for a party who are working on the Action and their employed economists and employed or retained support staff, secretaries, paralegals, legal assistants, and support services (including, without limitation, copy services, litigation consultants, document management services and graphics services) (this category hereinafter referred to as "Attorneys"). Disclosure is permitted to be made to

   a. any party to this Action;

   b. court reporters, court videographers, and similar transcription services and their support staff (this category hereinafter referred to as "Court Reporters");

   c. any expert or consultant (including all non-party personnel and support staff assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are employed) who is retained by or for the benefit of any of the parties in the Action to assist counsel in the Action (this category hereinafter referred to as "Experts"), provided that the expert or consultant has executed a Declaration in the form annexed hereto as Exhibit A.

   d. any mediators engaged by the parties, and their support staff;

   e. any person who Attorneys have a good-faith basis to believe authored or previously received the material, provided that the person has executed a Declaration in the form annexed hereto as Exhibit A;

   f. any person who is an employee of the Designating Party, or a former employee of the Designating Party (if they were employed by the Designating Party when the

          material was created or if they had an authorized right of access to the document in the ordinary course of that employment), provided that the person has executed a Declaration in the form annexed hereto as Exhibit A; and

    g.    during the conduct of their depositions, witnesses in the action for whom Attorneys have a good-faith basis to believe disclosure is reasonably necessary and who have signed a Declaration in the form annexed hereto as Exhibit A and agreed to be bound by this Order.

10.    <u>Disclosure of "Highly Confidential" Materials.</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, disclosure of "Highly Confidential" materials may be made only to:

    a.    the Court, its secretaries, clerks, law clerks and support staff in the manner set forth herein;

    b.    Attorneys (as defined in Paragraph 3(b) above),

    c.    Court Reporters (as defined in Paragraph 3(c) above);

    d.    Experts (as defined in Paragraph 3(d) above), and subject to all of the restrictions and conditions set forth in that paragraph, including the requirement that the expert or consultant execute a Declaration in the form annexed hereto as Exhibit A, and that Designating Parties must be given prior notice of access and an opportunity to object to Pharmaceutical Experts or Consultants, as set forth in Paragraph 3(d));

    e.    any mediators engaged by the parties, and their support staff, provided that the person has executed a Declaration in the form annexed hereto as Exhibit A; and

    f.    any person who is an author, addressee, or recipient of the material in question, or if there are other indicia that the witness has seen the document previously, provided that the person has executed a Declaration in the form annexed hereto as Exhibit A.

11.    <u>Requests to Disclose Confidential and Highly Confidential Materials.</u>  If a party seeking to disclose Confidential or Highly Confidential material to a person not authorized access to such documents pursuant to Paragraphs 3 and 4 above provides counsel for the Designating Party with advance written notice, via electronic mail/PDF, or hand delivery, at least three business days before disclosure, that states the identity of the material for which disclosure is sought and the identity of the witness to whom disclosure would be made, counsel for the Designating Party

- 7 -

may challenge the proposed disclosure of material pursuant to this provision, by providing counsel for the party seeking disclosure with a written objection, via electronic mail/PDF or hand delivery, within two business days thereafter. If a written objection is made, the party seeking disclosure shall not proceed with disclosure unless authorized to do so pursuant to the procedures described in Paragraph 6 below.

12. <u>Challenges to Designations.</u>

Any party wishing to challenge the "Confidential" or "Highly Confidential" designation assigned by another party or other person ("Objecting Party") with respect to any material shall give notice by email or other written communication of such objection to counsel for the Designating Party. Within fourteen (14) days of receipt of written notice of the designation challenge, the Designating Party shall meet and confer with the Objecting Party to attempt to resolve the designation dispute. If no resolution is reached, the Objecting Party may move the Court for an order removing such Protected Material from the restrictions of this Protective Order, and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the Designating Party material to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" or "Highly Confidential" material, the original designation shall remain in full force and effect.

13. <u>Handling of Confidential and Highly Confidential Materials.</u> All material designated "Confidential" or "Highly Confidential" shall remain in the possession of the Attorneys of record to whom such material is produced, and they shall not release or disclose the nature, substance, or contents thereof, except that copies of such materials may be made for the use of

those assisting counsel to whom disclosure may be made under Paragraphs 3 and 4 above, and copies may be submitted to the Court under seal as necessary. Persons who have been shown material designated "Confidential" or "Highly Confidential" pursuant to this Protective Order and have not otherwise obtained or maintained the material in the normal course of business shall not retain copies of such Protected Material. Within sixty (60) days after such time as the Action is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person producing "Confidential" or "Highly Confidential" material may require the return or destruction of all materials and copies thereof containing "Confidential" or "Highly Confidential" information (including but not limited to copies in the possession or control of any Expert or employee), and all reasonable costs of such return shall be borne by the party requesting such return. Unless the Designating Party provides notice of a return requirement within the sixty-day period specified above, or unless otherwise ordered, each Receiving Party shall undertake commercially reasonable efforts to destroy all such material and certify in writing to the Designating Party that all such material has been destroyed to the extent practicable. As to those materials that contain, reflect, incorporate, attach, or reference attorney work product, counsel of record for the parties shall be entitled, without violating this Protective Order, to retain such work product in their files, so long the terms of this Protective Order will continue to govern any such retained materials. In addition, counsel shall be entitled, without violating this Protective Order, to retain pleadings, affidavits, motions, briefs, expert reports (and exhibits thereto), correspondence (including internal correspondence and e-mail), any other papers filed with the Court (including exhibits), deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Material or Highly Confidential Material, so long as this Protective Order will continue to govern any such retained materials. The Receiving

Party's reasonable efforts shall not require the return or destruction of materials that (a) are stored on backup storage media made in accordance with regulator data backup procedures for disaster recovery purposes; (b) are located in the email archive system or archived electronic files of departed employees; or (c) are subject to legal hold obligations. Backup storage media need not be restored for purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Protective Order.

      14.    <u>Inadvertent Failure to Designate.</u>  In the event that a confidential document, paper, or thing is produced without having been previously marked "Confidential" or "Highly Confidential," the party in receipt of that material shall, upon a written request from the Designating Party or person, treat and preserve such document, paper, or thing in accordance with the confidentiality designation that the Designating Party states should have been affixed to it. The Designating Party must then re-produce the document, paper, or thing with the appropriate confidentiality designation. The Receiving Party will then replace the incorrectly designated materials with the newly designated materials and will destroy the incorrectly designated materials. The inadvertent failure of a party or person to designate a document as "Confidential" or "Highly Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter. No party shall be deemed to have violated this Stipulated Protective Order if, prior to notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation. Once a designation is made, however, the relevant documents or materials shall be treated as "Confidential" or "Highly Confidential" in accordance with this Protective Order. If material inadvertently not designated is,

at the time of the later designation, already filed with a court on the public record, the party or person that failed to make the designation shall move for appropriate relief.

15. <u>Inadvertent Disclosure of Material by Receiving Party.</u>  If a party receiving "Confidential" or "Highly Confidential" materials learns that, by inadvertence or otherwise, it has disclosed the protected material to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as is practicable: (a) notify in writing the Designating Party of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the protected materials; and (c) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all the terms of this Order and have the person or persons execute a Declaration in the form annexed hereto as Exhibit A.

16. <u>Information from Non-Party Sources.</u>  To the extent that any subpoenas or subpoenas duces tecum are served on a non-party, the party serving the discovery request(s) shall, at the time of service, provide the non-party with a copy of this Protective Order.  Documents produced by nonparties in the Action that consist of or contain portions of documents originally created or generated by a party shall be treated as Highly Confidential until the expiration of a seven day period after the production. During that seven day period, if any party governed by this Order believes a non-party has produced information which the party believes should be designated as Confidential or Highly Confidential, that party may notify the non-party that it may have inadvertently failed to designate the information as Confidential or Highly Confidential. The non-party may then correct the designation as provided in Paragraph 9.  The parties may request

additional time to notify the non-party of a failure to designate Confidential or Highly Confidential information prior to the expiration of the seven day period.

17. <u>Use in Court Proceedings.</u>  Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" or "Highly Confidential" material, or any party's right to challenge any such use. The parties reserve the right to seek additional relief from the Court with respect to "Confidential" or "Highly Confidential" material that may be presented at trial or in any hearing before the Court. "Confidential" or "Highly Confidential" material shall not lose its designated status through its mere use at trial or in any hearing before the Court; however, use or disclosure of Confidential or Highly Confidential material by the Designating Party in public proceedings shall result in the material no longer retaining its designation. Further procedures for the handling of Confidential and Highly Confidential information at trial shall be addressed in a final pretrial order. The parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of material previously designated "Confidential" or "Highly Confidential" prior to the entry of a final pretrial order.

18. <u>Filing Confidential and Highly Confidential Material with the Court.</u>  No Confidential Information may be filed under seal except as permitted by the mandatory provisions of W.D. Va. Gen. R. 9.

19. <u>Further Application.</u>  Nothing in this Order shall preclude any party, or any non-party from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during the Action. The Court shall retain jurisdiction over the parties, and over any person executing an

undertaking to be bound by the terms of this Order, during the pendency of the Action and for such time thereafter as is needed to carry out the terms of this Order.

20. <u>Reservation of Rights.</u>

a. By designating any material "Confidential" or "Highly Confidential," the parties do not acknowledge that any such material is relevant or discoverable in the Action. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in the Action.

b. Nothing in this Stipulated Protective Order shall prohibit a party from using or disclosing publicly available or independently discovered information, unless the party is aware that the information has become public improperly or inadvertently.

c. <u>Modification by the Court or the Parties.</u>  The Court retains the right to modify this stipulation at any time in the interest of justice. Furthermore, nothing in this Protective Order shall prejudice the right of the parties to stipulate (subject to Court approval), or to move to amend or modify this Protective Order in the interests of justice.

d. <u>Use by Party of Its Own Materials.</u>  Nothing in this Protective Order shall prevent a party to the Action from using its own Confidential or Highly Confidential materials in any way that it sees fit, without prior consent of any person or the Court, provided that public disclosure by a party of its own document shall

      constitute the party's waiver of the designation of that document for its use by any party in the Action.

e.    <u>Violations.</u>  The Court has jurisdiction to enforce this Order and to grant relief, as authorized by law or in equity, for any violations thereof.

IT IS SO ORDERED.

Entered this _____ day of May, 2023

                                                _____
                                                Norman K. Moon
                                                Senior  United States District Judge

WE ASK FOR THIS:

*/s/ Alicha M. Grubb*
Kevin W. Holt (VSB No. 42866)
Alicha M. Grubb (VSB No. 90761)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
Roanoke, Virginia 24011
(540) 983-9300
Fax:  (540) 983-9400
holt@gentrylocke.com
grubb@gentrylocke.com

*Counsel for the Defendants*

SEEN and AGREED:

*/s/ Joseph J. Wardenski*
Joseph J. Wardenski
Admitted *Pro Hac Vice*
WARDENSKI P.C.
195 Plymouth Street, Suite 519
Brooklyn, NY 11201-1123
Telephone: (347) 913-3311
Facsimile: (347) 467-7237
joe@wardenskilaw.com

V. Kathleen Dougherty
Virginia State Bar Number: 77294
MCGUIREWOODS LLP
101 West Main Street, Suite 9000
Norfolk, VA 23510-1655
Telephone: (757) 640-3840
Facsimile: (757) 640-3940
vkdougherty@mcguirewoods.com

*Counsel for Plaintiffs*

27288/1/11166514v1